**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT ANTONIO GALLEGOS,**

    **Plaintiff,**

    v.                                              CASE NO. 18-3256-SAC

**FINNEY COUNTY, KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se and in forma pauperis, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was housed at the Finney County Jail in Garden City, Kansas ("FCJ").

**I. Nature of the Matter before the Court**

Plaintiff alleges that on August 15, 2018, while incarcerated for a parole violation and as a pretrial detainee on a pending charge, he was moved to "F-Pod" in the FCJ along with an inmate named DaShawn Telfair, who had "obvious mental health problems, including paranoid schizophrenia and delusions." (Doc. 1, at 2.) On August 20, 2018, between 7:30 p.m. and 10:00 p.m., Plaintiff was playing chess with Telfair when Telfair grew hostile over a disagreement about the rules of the game. Telfair stood up and grabbed Plaintiff in a hostile manner and Plaintiff punched Telfair in the face several times in an attempt to defend himself, but was thrown and dragged around the room in fear for his life. FCJ staff were not watching the camera and did not come to separate the two inmates. Four of the inmates who were in the pod broke up the fight and were punished by administration for trying to help Plaintiff.

Plaintiff alleges that FCJ staff admitted knowledge of Telfair's mental problems. Plaintiff alleges that he suffered "undiagnosed whiplash and emotional distress" due to the incident.

1

Plaintiff alleges that the security camera for F-Pod is situated so that the two corners of the pod are large blind spots, and FCJ has refused to install a button-activated audio/help signal in that part of the jail, although they have such equipment installed in A, B, and C-Pods as well as in Booking. Plaintiff alleges that Defendants were aware of an elevated risk of harm because several inmates have been seriously hurt during altercations in F-Pod over the last few years. Plaintiff alleges that Defendant Lawson was responsible for housing Telfair with other inmates.

Plaintiff names as Defendants: Finney County, Kansas; the Finney County Jail; Kevin Bascue, Finney County Sheriff; Mark Welch, Finney County Jail Administrator; and Kyle Lawson, Finney County Jail Lieutenant. Plaintiff seeks $1,500,000 in actual damages and $2,000,000 in punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

*1. Detention Facility*

Plaintiff's Complaint names the FCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Accordingly, Defendant FCJ is dismissed.

*2. Finney County*

To impose § 1983 liability on the county and its officials for acts taken by its employee,

plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Finney County Sheriff's Department or Finney County and no causal link between any such inadequacy and the allegedly unconstitutional acts of jail staff. Plaintiff's claims against Finney County, Kansas, are subject to dismissal.

### 3. *Personal Involvement*

Plaintiff has failed to allege any personal involvement by Defendants Bascue and Welch. The claims against these Defendants require proof that they personally committed a constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [Defendants] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614

5

F.3d at 1195)). Because Plaintiff has failed to allege any personal involvement by Defendants Bascue and Welch, his claims against these defendants are subject to dismissal.

### 4. *Failure to Protect*

Plaintiff asserts that the Defendants have failed to protect him by allowing an inmate with known mental illnesses to be housed with Plaintiff. "Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners. Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)). Because Plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment. *Wright*, 651 F. App'x at 748 (citing *Lopez v. LeMaster*, 172 F.3d 756 n.2 (10th Cir. 1999)). Even so, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under § 1983. *Id*.

"To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Id.* (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)). For the subjective component, "the plaintiff bears the burden to show that the defendants responded in an 'objectively unreasonable manner'—that is, they 'knew of ways to reduce the harm but knowingly or recklessly declined to act.'" *Id.* (citing *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (brackets and internal quotation marks omitted)).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the FCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the FCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Finney County Jail is **dismissed.**

**IT IS FURTHER ORDERED** that**:**

(1) the clerk of the court shall provide Finney County and the Sheriff of Finney County with a copy of the Complaint and this order for use in preparing the report. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court.

(2) Officials responsible for the operation of the Finney County Jail are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The Finney County

Jail must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Finney County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 3rd day of April, 2019.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**