# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT ANTONIO GALLEGOS,

    **Plaintiff,**

v.                                                                              CASE NO. 18-3256-SAC

FINNEY COUNTY, KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff, appearing pro se and in forma pauperis, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was housed at the Finney County Jail in Garden City, Kansas ("FCJ").

## I. Nature of the Matter before the Court

Plaintiff asserts that the Defendants failed to protect him by allowing an inmate with known mental illnesses to be housed with Plaintiff. Plaintiff alleges that on August 15, 2018, while incarcerated for a parole violation and as a pretrial detainee on a pending charge, he was moved to "F-Pod" in the FCJ along with an inmate named DaShawn Telfair, who had "obvious mental health problems, including paranoid schizophrenia and delusions." (Doc. 1, at 2.) Plaintiff alleges that on August 20, 2018, between 7:30 p.m. and 10:00 p.m., Plaintiff was playing chess with Telfair when Telfair grew hostile over a disagreement about the rules of the game. Plaintiff alleges that Telfair stood up and grabbed Plaintiff in a hostile manner and Plaintiff punched Telfair in the face several times in an attempt to defend himself, but was thrown and dragged around the room in fear for his life.

On April 3, 2019, the Court entered a Memorandum and Order (Doc. 5) dismissing Defendant FCJ and finding that Plaintiff's claims against Finney County, Kansas, are subject to dismissal because Plaintiff has pointed to no policy or deficiency in the training program used by the Finney County Sheriff's Department or Finney County and no causal link between any such inadequacy and the allegedly unconstitutional acts of jail staff. The Court also found that because Plaintiff has failed to allege any personal involvement by Defendants Bascue and Welch, his claims against these defendants are subject to dismissal.

Regarding Plaintiff's failure to protect claim, the Court found that the proper processing of Plaintiff's claim could not be achieved without additional information from appropriate officials of the FCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the FCJ to prepare and file a *Martinez* Report, noting that once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915. At the direction of the Court, counsel for the FCJ filed a *Martinez* Report (Doc. 9).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff alleges that Defendants failed to protect him from Telfair. "Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners. Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)). Because Plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment. *Wright*, 651 F. App'x at 748 (citing *Lopez v. LeMaster*, 172 F.3d 756 n.2 (10th Cir. 1999)). Even so, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under § 1983. *Id.*

4

"To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Id.* (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)). For the subjective component, "the plaintiff bears the burden to show that the defendants responded in an 'objectively unreasonable manner'—that is, they 'knew of ways to reduce the harm but knowingly or recklessly declined to act.'" *Id.* (citing *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (brackets and internal quotation marks omitted)).

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).

The Court has examined the commendably thorough *Martinez* Report and, for the reasons that follow, is considering the dismissal of this action. Plaintiff will be given an opportunity to respond to the *Martinez* Report and is directed to show cause why dismissal should not be entered.

The *Martinez* Report and attachments reflect that Telfair's medical questionnaire did not show that he suffered from any conditions or behaviors that would indicate a safety risk to himself or others; Telfair had not visited a mental health provider since 2014, when he was seen for depression and sleep problems; the FCJ nurse was unaware of any other mental or psychological conditions suffered by Telfair; Plaintiff has fought with other inmates in the past; Telfair did not do

well in larger housing areas and tended to have heightened anxiety around large groups of people and had fought with inmates in the past; Plaintiff and Telfair had no past physical altercations at FCJ; other than Telfair's heightened social anxiety around large groups of people, Lawson was unaware of any psychological, mental, or emotional condition that precluded placing him in a pod with a small group of inmates; video of the incident shows that Plaintiff was the initial aggressor and struck Telfair in the face; and Plaintiff received a Major Violation Notice for his role in the fight and was found guilty of the charged violation. These facts do not support a claim for relief for failure to protect. The *Martinez* Report also sets forth that Plaintiff did not exhaust his administrative remedies because he did not appeal the guilty finding on the Major Violation Notice for the fight with Telfair.

For the reasons set forth, the Court directs Plaintiff to show cause why his claims alleging a failure to protect should not be dismissed for failure to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff is granted until **July 17, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein and in the Court's Memorandum and Order at Doc. 5.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of June, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**